UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cause No. 1:24-CR-31 |
| | ) | |
| JOEL J. MCCLURE | ) | |

**SENTENCING MEMORANDUM**

Comes now the United States of America, by its counsel, M. Scott Proctor, Acting United States Attorney for the Northern District of Indiana, through Stacey R. Speith, Assistant United States Attorney, and files its Sentencing Memorandum. The Government agrees with the Presentence Investigation Report (hereinafter "PSIR") that Joel J. McClure's (hereinafter "McClure") Total Offense Level is 37 [ECF 45, ¶80] and his Criminal History Category is V [ECF 45, ¶92]. Based on McClure's offense level and criminal history category, the guideline range is 324 to 405 months. [ECF 45, ¶126]. McClure faces a mandatory minimum sentence of twenty-five (25) years on Count 1, and a consecutive ten (10) year term of imprisonment because he committed Count 1 while being required to register as a sex offender on Count 5. The plea agreement, if accepted by the Court, calls for a binding sentence of four hundred twenty (420) months for both counts.

Pursuant 18 U.S.C. § 3553(a) the Court shall impose a sentence that is sufficient but not greater than necessary to reflect the seriousness of the offense,

1

promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. In determining the particular sentence to impose, the Court should consider the nature and circumstances of the offenses and the history and character of the defendant, the applicable guideline range as determined under U.S. Sentencing Guidelines and pertinent policy statements, the need to avoid unwanted sentence disparities among similarly situated defendants, and the need to provide restitution to any victims of the offense.

## 18 U.S.C. § 3553(a) Considerations

<u>The Nature and Circumstances of the Offense</u>

The nature and circumstances of the offense is aggravating.  McClure began communicating with a fourteen-year-old child using a social media account and text messages.  McClure lied about his age and solicited the child to create and send him sexually explicit videos.  McClure lured the child to a location to meet a "friend" for the purpose of providing the child vapes and THC gummies in exchange for a sexual act.  There was no "friend" and instead McClure met with the victim, engaged in a sex act, and recorded the incident.  McClure then shared the recording with other internet predators.

A review of McClure's electronic communications revealed that this fourteen-

2

year-old was not the only child McClure was communicating with. McClure was soliciting sexually explicit material from other children and described in detail during an internet chat with another person his grooming process. McClure engaged in this activity after having previously been convicted of a sex offense against minors and while he was required to register as a sex offender.

The History and Character of the Defendant

McClure is thirty-eight years old. He has only 4 criminal history points but has a criminal history category of V because he is a repeat and dangerous sex offender against minors. McClure was convicted in Texas in 2010 of Indecency with a Child and Exposure. He was convicted of misdemeanor Battery in Whitely County in 2024. While McClure only has two prior criminal convictions, his prior conviction for a sex offense involving a minor is an aggravating factor.

McClure grew up in a middle-class neighborhood free from gangs, drugs and violence. McClure has two associate degrees and reported steady employment prior to his incarceration.

Promote respect for the law, afford adequate deterrence and protect the public from further crimes by the defendant

A sentence of four hundred twenty months (420) is a sentence that is sufficient but not greater than necessary to promote McClure's respect for the law, afford

3

adequate deterrence to him and protect the public from any further crimes by the defendant and to comply with the purposes set forth in 18 U.S.C. § 3553(a).

McClure's offense conduct is aggravating. His repeated and predatory offenses against minor children make him dangerous and requires a lengthy term of imprisonment in order to not only punish him for his conduct but also protect others from future crimes.

Prior attempts at rehabilitation have failed. McClure received a sentence of probation for his first sexual offense, which was later revoked, and a sentence of imprisonment was imposed. McClure was registered as a sex offender when he committed his current offense.

In mitigation, McClure entered a plea of guilty and agreed to a binding term of imprisonment of thirty-five years (420 months). In doing so, McClure saved the minor victim from having to come to court to testify at a trial. McClure also did not lodge any objections to the guideline calculation which may have required an evidentiary hearing, resulting in the victim having to testify at the hearing.

The victim's father supports the binding plea agreement. The Government has consulted with the victim's father throughout the court process, from before Indictment until sentencing. It is anticipated that the victim's father will be present at the sentencing hearing and may wish to give a victim impact statement. In discussing the case, the victim's father's number one priority has been his child. In seeking justice for his child he has weighed the penalties, including the potential

4

length of incarceration upon conviction, with his desire to shield his daughter from a potentially traumatic court proceeding. It was with the full consent and wishes of the victim's father that the Government and the Defendant entered into this binding plea agreement.

In full consideration of the facts and circumstances of this case, McClure's prior criminal history, and the express wishes of the victim's father, an aggregate sentence of four hundred twenty (420) months is a sentence that is sufficient but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

## CONCLUSION

Wherefore, the Government is requesting the Court accept the plea agreement and sentence McClure four hundred twenty (420) months imprisonment.

                                        Respectfully submitted,

                                        M. SCOTT PROCTOR
                                        ACTING UNITED STATES ATTORNEY

By:   */s/ Stacey R. Speith*
       Stacey R. Speith
       Assistant United States Attorney
       E. Ross Adair Federal Bldg.
       & U.S. Courthouse
       1300 S. Harrison Street, Room 3128
       Fort Wayne, IN 46802-3489
       Telephone:   (260) 422-2595
       Facsimile:    (260) 426-1616
       E-mail Address: stacey.speith@usdoj.gov